UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BARRIOS,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | NO. CV 13-3319 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff Jonathan Barrios filed this action on May 15, 2013. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on June 7 and 13, 2013. (Dkt. Nos. 7, 10.) On January 24, 2014, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court ordered supplemental briefing. On March 13, 2015, the Commissioner filed a response to the court's order. (Dkt. No. 19.) On March 27, 2015, the Plaintiff filed a reply. (Dkt. No. 20.)

　　　　Having reviewed the entire file, the court remands this matter for further proceedings in compliance with 20 C.F.R. § 416.1338.

# I.

## **PROCEDURAL BACKGROUND**

This case entails a continuing disability review in connection with a childhood disability benefits and social security benefits redetermination. Administrative Record ("AR") 13. At the age of 16, following a Title XVI application filed on January 15, 2009, Barrios received supplemental security income benefits based on disability as a child. He was found disabled secondary to Attention Deficit Hyperactivity Disorder ("ADHD") and learning deficits. *Id.* Separately, based on an April 30, 2010 claim for childhood disability benefits as the child of a disabled worker, Barrios was granted Title II benefits as of his mother's alleged onset date of June 2008. AR 13.

When Barrios turned 18 on February 19, 2010, continuing disability review was initiated in connection with his supplemental security income application. It was determined that as of August 1, 2010, Barrios was no longer disabled under the rules for determining disability in adults. AR 13. The determination was upheld on reconsideration. AR 13, 51-58. Likewise, Barrios' continued eligibility for Title II benefits as the child of a disabled worker was found to have ceased insofar as he was found to be not disabled from and after age 18. AR 13, 33-37. The determination was upheld on reconsideration. AR 51-55.

Barrios requested a hearing before an Administrative Law Judge ("ALJ"). AR 59. On January 17, 2012, the ALJ conducted a hearing at which Barrios, his mother, a medical expert and a vocational expert ("VE") testified. AR 335-60. On January 26, 2012, the ALJ issued a decision finding Barrios no longer eligible for social security income benefits as a disabled adult, and for Title II benefits. AR 13-25. On March 12, 2013, the Appeals Council denied the request for review. AR 6-9. This action followed.

## II.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled and thereby eligible for such benefits "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability

determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Barrios has not engaged in substantial gainful activity since February 19, 2010, the alleged onset date. AR 16. Barrios has the severe impairments of ADHD and learning disorder, not otherwise specified. *Id.* He does not have an impairment that meets or equals a listing. AR 18. He has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but he can perform no more than simple, repetitive tasks on a constant basis; perform complex and detailed tasks on no more than an occasional basis; engage in no more than occasional interactions with supervisors, co-workers, and the public; and perform no more than production pace work requiring results at the end of the workday rather than work requiring specific production goals periodically throughout the workday. AR 19. He has no past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform such as factory worker, laundry worker and general helper. AR 23-24.

### C. Continuation of Benefits

Barrios contends the ALJ erred in not finding that his Title XVI benefits should have continued under 20 C.F.R. § 416.1338 despite termination of disability at the age 18 redetermination.

Disability benefits "shall not be terminated or suspended because the . . . physical or mental impairment, on which the individual's eligibility for such benefit is based, has or may have ceased, if – (A) such individual is participating in a program consisting of the Ticket to Work and Self-Sufficiency Program under section 1148 [42 U.S.C. § 1320b-19] or another program of vocational

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

1  rehabilitation services, employment services, or other support services approved
2  by the Commissioner of Social Security, and (B) the Commissioner of Social
3  Security determines that the completion of such program, or its continuation for a
4  specified period of time, will increase the likelihood that such individual may
5  (following his participation in such program) be permanently removed from the . .
6  . disability benefit rolls." 42 U.S.C. § 1383(6).

       Consistent with the statute, the regulation states, in pertinent part, that a person's "benefits may continue after [the person's] impairment is no longer disabling . . . if . . . [the person is] participating in an appropriate program of vocational rehabilitation services . . . and . . . [the] completion of the program, or . . . continuation in the program for a specified period of time, will increase the likelihood that [the person] will not have to return to the disability . . . benefit rolls." 20 C.F.R. § 416.1338(a). "If you are a student age 18 through age 21 participating in an individualized education program described in paragraph (c)(4) of this section, we will find that your completion of or continuation in the program will increase the likelihood that you will not have to return to the disability or blindness benefit rolls." *Id.* § 416.1338(e)(2).

       The ALJ acknowledged that Barrios "has required ongoing transitional job training after leaving high school." AR 21. The record indicates that Barrios' functioning improved since he began a program with The Help Group in 2007. Whereas Barrios' full scale IQ in 2006 was 80 (AR 324), Barrios' full scale IQ of 92 and his Wechsler memory scores in July 2010 indicated average functioning. AR 22, 246-48, 287, 342-43. Nevertheless, Barrios' academic skills were at a third-to-fifth grade level according to his Woodcock Johnson Achievement Test in September 2011. The medical expert testified that Barrios' academic skills testing was indicative of a learning disorder. AR 22, 287, 343-44. At the time of the hearing in January 2012, Barrios participated in a vocational training program through The Help Group, where he learned "how to prepare for a job in the

5

community." AR 348. Barrios worked in the school café learning how to take inventory, use a cash register, communicate with customers, and cook and handle food properly. AR 22, 292. He participated in the school lunch delivery program where he learned how to take orders, fill out order forms, calculate total purchases, and go to local establishments to place the orders. He received outstanding ratings on his evaluation forms and qualified to work with the off-campus workability program. AR 292. He was noted to be a hard worker, displaying independence on the job and in the classroom. AR 293. He could complete many tasks with little prompting and minimal supervision. He was "extremely responsible when it [came] to initiating and completing tasks and he [had] great attendance." *Id.* He worked well with others, although it was noted that he needed to keep a professional relationship with his supervisors. AR 293. Barrios' experience at The Help Group clearly contributed significantly to his progress in learning work-related functions. As Barrios argues, his placement in the Bridgeport school system on an almost full time basis would interfere with his ability to work full time.

The court ordered supplemental briefing on the questions of (1) what steps a claimant must follow to obtain a determination under § 416.1338 and (2) whether a determination was made as to Barrios' eligibility under § 416.1338.

According to the Commissioner, the Field Office identifies individuals participating in an appropriate program when an application is made. (Dkt. No. 19 at ii.) Question 10 asks whether the claimant is participating in "[a]n individualized education program (IEP) through a school (if a student age 18-21)" or "[a]ny program providing vocational rehabilitation, employment services, or other support services to help you go to work?" AR 165. Barrios answered "No" to this question. *Id.* Barrios' Disability Report – Appeal similarly answered "no" to this question. AR 189. Because of Barrios' answers, "no evaluation or determination was made when Plaintiff's benefits ceased." (Dkt. No. 19 at iv.)

Apparently, if a claimant answers yes to the appropriate questions and the claimant's benefits cease, "[o]n appeal, the Office of Disability Operations (ODO) would determine Plaintiff's participation in an appropriate Section 301 program." (Id. at iii.) "To obtain a final decision, a claimant must proceed through all steps of the administrative appeals process." (*Id.* at iv.) In other words, the ALJ does not make that determination.

Barrios acknowledges his answers on the forms, but argues that he should not be faulted because it is undisputed that he suffers from a mental impairment and the responses elsewhere on those forms stated that he is attending special education classes at the Bridgeport School (AR 161), and that the school and Barrios' mother "feel that Jonathan will benefit from this transition program to assist him with vocational skills and independent living" (AR 190). Barrios notes that, in the next Disability Report – Appeal, he answered "yes" to the vocational question, identified the Bridgeport School at The Help Group, and indicated that the services included work ability workshop and life skills. AR 197. In the remarks section, Barrios' mother indicates that Barrios will continue attending school at The Help Group until age 22 and "I'm requesting assistance to continue till then please." AR 198. Moreover, Barrios contends – and the Commissioner does not appear to dispute – that the notices he received did not advise him of how to pursue continued benefits administratively.

The Commissioner correctly argues that this court has jurisdiction to review only the final decision of the ALJ, who does not make the determination under § 416.1338. See Program Operational Manual Systems ("POMS") § DI 14505.010(A). No determination was made by the ODO, which is responsible for determining the question of continued benefits after disability has ceased. "The determination of whether Plaintiff is entitled to continued benefits after Plaintiff's disability ceased was not properly before the ALJ and is not before this Court." *Thomas v. Colvin*, 2013 U.S. Dist. LEXIS 66569, *22 (E.D. Wash. May 9, 2013),

the district court agreed.  *Id.* at *22.

Barrios responds that this court can remand the case with instructions that the Commissioner make the appropriate administrative determinations.

In *Leschniok v. Heckler*, 713 F.2d 520 (9th Cir. 1983), the plaintiffs sought a preliminary injunction to enjoin the Secretary from violating 42 U.S.C. §425(b), the disability benefits counterpart to the statutory provision at issue in this case, § 1383(6).  *Id.* at 521; 1986 Social Security Ruling ("SSR") LEXIS 37 n.1 (1986); SSR No. 11-2p (discussing continued payments for young adults in vocational rehabilitation or similar programs).  The Ninth Circuit affirmed the district court's determination that it had jurisdiction under 28 U.S.C. § 1361, which "authorizes a court to compel a federal official to perform a duty where the duty is clear and certain, and the duty is ministerial and so plainly prescribed as to be free from doubt."  *Leschniok*, 713 F.2d at 522.

The court therefore has jurisdiction to remand this case for further proceedings so the appropriate administrative proceedings under 20 C.F.R. § 416.1338 may take place.  Relief is appropriate because, after the ALJ's decision, Barrios is entitled to an administrative determination as to continued benefits from the ODO and may exhaust his remedies.  According to the Commissioner, a file is generally transferred to the ODO after an ALJ's decision denying disability benefits based on answers in the same application, which did not happen in this case as discussed above.  The remand in this case is under sentence six of 42 U.S.C. § 405(g).

## IV.

## ORDER

IT IS HEREBY ORDERED that this case is remanded under sentence six of 42 U.S.C. § 405(g) for further proceedings under 42 U.S.C. § 1383(a)(6) and 20 C.F.R. § 416.1338.  The case is administratively closed.

The Clerk shall serve copies of this Order herein on all parties or their counsel.

DATED: April 16, 2015

*/s/ Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge